## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-21816

LA BELLE DISTRIBUTORS, INC.,
a Florida profit corporation,

      Plaintiff,

v.

UNITED STATES OF AMERICA, through
the Drug Enforcement Administration,

      Defendant.

_____/

### <u>COMPLAINT TO RECOVER SEIZED MONIES</u>

Plaintiff, La Belle Distributors, Inc. (hereinafter referred to as "La Belle"), brings this action against the United States of America, through the Drug Enforcement Administration, (hereinafter referred to as the "DEA") and states:

### PARTIES:

1.      La Belle is and has been an active and current Florida profit corporation for over 30 years.

2.      La Belle is in the business of selling perfumes from its store in Miami, Miami-Dade County, Florida and has performed that business for over 30 years.

3.      La Belle is a law abiding and legitimate retail and wholesale seller, which sells its perfumes and fragrances throughout the United States and internationally.

4.      The United States of America, acting through then US Department of Justice, Drug Enforcement Administration, has seized the lawful funds of La Belle and is attempting to cause the forfeiture of same without providing any proper notice to La Belle under the guise of an "ongoing investigation" that has kept all information pertaining to the seizure under seal.

**JURISDICTION:**

5.       This action is being brought under the provisions of *18 U.S.C.A. § 983(e)(1)*.

**FACTS:**

6.       In December of 2023, the DEA obtained a seizure order from a magistrate judge in the Eastern District of Michigan which order directed Truist Bank to freeze La Belle's funds in said banking institution.

7.       La Belle learned of the DEA's actions not from any contact from DEA but after having filed an action in Florida state court against Truist Bank.

8.       Truist Bank was La Belle's depository to deposit the payments made by its customers for the perfumes and fragrances sold by La Belle.

9.       Aside from in-store sales, La Belle also sells its fragrances and perfumes through its website which it created twelve (12) years ago.

10.     La Belle will not deliver any perfume or fragrance to its customers until and unless said customer pays for the products he/she/it buys and pays the amount in full.

11.     La Belle has no communications with its customers as to how he/she/ it will pay and accepts all legal tender for the purchases. Furthermore, La Belle does not involve itself in how its customers pay for the La Belle products.

12.     La Belle is not a criminal defendant in any court for any illegal action and has never been a criminal defendant and operates its business in full compliance with the laws of Florida and the United States of America.

13.     In December of 2023, La Belle learned with no notice from the DEA that its account with Truist Bank was frozen by the DEA. La Belle only discovered the freezing because Truist

bank refused to allow La Belle to honor its payments to its suppliers, utilities, and salaries to its employees.

14.     At the time of the seizure, there was approximately $750,000.00, monies paid by hundreds of lawful customers to La Belle for the lawful sale of perfumes.

15.     The DEA is an agency which ostensibly prevents, investigates, and acts against persons and corporations which are involved in illegal monetary transactions.

16.     The DEA had no legal basis to freeze the bank account of La Belle.

17.     After being provided information pertaining to the seizure order by counsel for Truist Bank, in January of 2024, La Belle reached out to the DEA to determine why such action was being taken and La Belle's Vice President met with the DEA agents in Weston, Broward County, in Florida to request an explanation and provided all documents and evidence requested by the DEA.

18.     During these interviews, DEA sought the assistance of La Belle in a purported investigation of some of La Belle's customers and obtained at that point the pledge of La Belle to assist the DEA if anyone was using La Belle for illegal purposes.

19.     While La Belle's accounts were frozen as a result of a seizure instigated by the DEA on what we can only assume is purported unlawful actions by some La Belle customers, additional funds were allowed to be deposited into the account, raising the balance to approximately $854,000.00, all the while La Belle had no ability to access same.

20.     These additional funds that were unlawfully seized from La Belle were again from numerous, lawful customers buying products as allowed and promoted in our capitalist economy.

21.     In fact, La Belle had a second meeting with the DEA in Weston, Florida where La Belle provided further extensive documentation in furtherance of the cooperation agreement with DEA and with the purported purpose of obtaining the release of La Belle's funds.

22.     Despite the two meetings described above, the DEA did not provide La Belle with a single fact that gave the DEA the right to freeze the La Belle's account at Truist and certainly the DEA had no right to seize those same funds in March of 2024.

23.     Despite La Belle's good faith actions with the DEA, action taken based upon express representations by DEA and its agents, instead of rescinding the freeze on the Truist Bank account being maintained by La Belle, the DEA, again with no notice whatsoever seized in March of 2024 the entire amount of La Belle's funds at Truist Bank.

24.     Further the DEA did not notify in any manner that it intended or would seize the La Belle funds at Trust bank, but instead seized said funds without explanation or notification.

25.     La Belle has not violated any Federal or State banking law regarding payments by its customers and the DEA had no legal right to freeze La Belle's funds in Truist Bank and also absolutely no right to seize La Belle's funds in Truist Bank.

26.     The DEA has violated La Belle's right to legally do business and has illegally taken La Belle's receivables which had been deposited by La Belle in Truist Bank from its customers as described above in this Complaint.

27.     The DEA also intentionally and unlawfully utilized the freezing of the bank accounts to force La Belle into providing documentation and cooperation under the guise of being a cooperating witness.

28.     In actuality, DEA was attempting to entrap La Belle and was deceiving La Belle with assurances and representations as to the DEA's intention while behind La Belle's back it was utilizing the US Attorney's Office in the Eastern District of Michigan to seize La Belle's funds.

29.     At the same time, DEA has provided absolutely no information to La Belle of the status of those funds or provided La Belle with any proper notice in order to make its claims and litigate the status of the seized funds.

30.     La Belle has retained the undersigned law firm to bring this action and agreed to pay said firm a reasonable attorney's fee.

        **WHEREFORE**, La Belle Distributors, Inc., requests the following relief:

a.  Entry of judgment against the DEA and in favor of La Belle ordering the immediate return of the seized funds;

b.  Awarding to La Belle its reasonable attorney's fees and costs;

c.  All further relief the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

La Belle Distributors, Inc. demands a trial by jury of all issues so properly triable.

Dated: May 10th, 2024                    Respectfully submitted,

                                         ROBERTO E. MORAN, P.A.
                                         Counsel for La Belle Distributors, Inc.
                                         2555 Ponce de Leon Boulevard
                                         Suite 610
                                         Coral Gables, Florida 33134
                                         Tel: (305) 570-2333
                                         Fax: (305) 570-2475
                                         Email: rmoran@robertomoranlaw.com

                                         By:/s/Roberto E. Moran
                                            Roberto E. Moran, Esq.
                                            Florida Bar No.: 59361