**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21816-BLOOM/Elfenbein**

LA BELLE DISTRIBUTORS, INC.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
through the Drug Enforcement Administration,

    Defendants.
_____/

**ORDER TRANSFERRING CASE**

**THIS CAUSE** is before the Court upon a *sua sponte* examination of the record. Plaintiff filed a Complaint to Recover Seized Monies, alleging the Drug Enforcement Administration ("DEA") seized funds from Plaintiff's bank account without providing proper notice in violation of 18 U.S.C. § 983(e). The Court has carefully reviewed the Complaint, the record, the applicable law, and is otherwise duly advised. For the reasons that follow, the Court finds this case should be transferred to the United States District Court for the Eastern District of Michigan.

Plaintiff's Complaint alleges this case is a parallel proceeding arising from the seizure of Plaintiff's funds in connection with a sealed case in the United States District Court for the Eastern District of Michigan, Case No. 24-cv-10533. Plaintiff alleges "[i]n December of 2023, the DEA obtained a seizure order from a magistrate judge in the Eastern District of Michigan which order directed Truist Bank to freeze La Belle's funds in said banking institution." ECF No. [1] ¶ 6. Plaintiff asserts a single claim challenging the seizure of its bank account, alleging the DEA failed to provide proper notice in violation of 18 U.S.C.A. § 983(e)(1). *See generally id.*

The transfer statute, 28 U.S.C. § 1404(a), which embodies a codification and revision of the *forum non conveniens* doctrine, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The statute grants broad discretion to the district court. *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013) (stating that the "standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court") (citation omitted); *see also Piper Aircraft*, 454 U.S. at 253 (noting that "[d]istrict courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of *forum non conveniens*") (citation omitted).

The Court finds transfer to the United States District Court for the Eastern District of Michigan is warranted due to "considerations of convenience and justice." *Van Dusen*, 376 U.S. at 616. The purpose of this action is to challenge the DEA's seizure of Plaintiff's bank account pursuant to an order allegedly obtained by the DEA in the sealed proceeding, Case No. 24-cv-10533. *See* ECF No. [1] ¶ 6. Plaintiff alleges the DEA seized its funds "without providing any proper notice to La Belle under the guise of an 'ongoing investigation' that has kept all information pertaining to the seizure under seal." *Id.* ¶ 4. Transfer to the United States District Court for the Eastern District of Michigan is thus appropriate to enable the court that authorized the alleged seizure of those funds to adjudicate Plaintiff's challenge to the seizure. *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972) (observing "venue

2

provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum").

Transfer to the United States District Court for the Eastern District of Michigan is also appropriate because Plaintiff could have brought this action there in the first place. 18 U.S.C.A. § 983(e)(1) permits "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice [to] file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property[.]" The United States District Court for the Eastern District of Michigan accordingly possesses federal subject-matter jurisdiction, as does this Court. *See* 28 U.S.C. § 1331. Venue is also proper in the United States District Court for the Eastern District of Michigan. As discussed, Plaintiff's allegations make clear the Eastern District of Michigan constitutes a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Finally, the DEA is amendable to process of suit in the Eastern District of Michigan.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Michigan. Upon transfer, the Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 25, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

3